UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LISA TUGGLE,
Plaintiff,
v.
CITY OF SAN DIEGO,
Defendant.

Case No.: 3:26-cv-01055-RBM-JLB

**ORDER GRANTING MOTION TO DISMISS**

**[Doc. 3]**

On February 19, 2026, Defendant City of San Diego removed this action from San Diego Superior Court. (Doc. 1.) On April 3, 2026, Defendant filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 3.) Plaintiff has not filed an opposition to the Motion to Dismiss.

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons outlined below, Defendant's Motion to Dismiss (Doc. 3) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

## I. DISCUSSION

Defendant filed its Motion to Dismiss on April 3, 2026. (Doc. 3.) The Motion was served on Plaintiff by U.S. Mail. (Doc. 3-2.) The Motion includes a noticed hearing date

of May 18, 2026. (Doc. 3 at 1.[1])

Pursuant to Civil Local Rule 7.1.e.2 and Section III of the undersigned's Civil Chambers Rules, Plaintiff's opposition or statement of non-opposition was due no later than May 4, 2026. CivLR 7.1.e.2 ("each party opposing a motion … must file that opposition or statement of non-opposition … not later than fourteen (14) calendar days prior to the noticed hearing.") (emphasis removed); Hon. Ruth Bermudez Montenegro, Civ. Chambers R. ("Chambers Rules") Section III.B ("Opposition … briefs are due based on the noticed hearing date.") (citing CivLR 7.1.e).

Plaintiff has not filed an opposition or statement of non-opposition. Plaintiff's lack of opposition constitutes Plaintiff's consent to granting the Motion. CivLR 7.1.f.3.c); Chambers Rules, Section III.C. The Civil Local Rules indicate that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion … ." CivLR 7.1.f.3.c) Similarly, Chambers Rules, Section III.C explicitly provides that "[a]n opposing party's failure to file a memorandum of points and authorities in opposition to any motion will be construed as consent to the granting of the motion … ."

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as an unopposed motion pursuant to a local rule that permits, but does not require, the granting of a motion for failure to respond. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal based on the failure to file an opposition pursuant to the local rules) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)); *see also Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017) (granting "Defendants' Motion without reaching the merits, simply based on Plaintiff's failure to oppose the Motion.") (citing *Ghazali*, 46 F.3d at 53–54).

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

"Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring [the] disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the Court finds three of the five factors weigh strongly in favor of dismissal.

Because Plaintiff did not respond to the Motion to Dismiss by the May 4, 2026 deadline and has not responded in the six months since that deadline passed, the Court finds the interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Additionally, the Court notes that, while Plaintiff is pursuing this action without counsel, pro se litigants are still bound by the applicable rules. *Ghazali*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *see also Castillo v. Select Portfolio Servicing, Inc.*, No. 18cv1591-AJB-BLM, 2019 WL 157658, at *2 (S.D. Cal. Jan. 10, 2019) (citations omitted) (noting the same).

The risk of prejudice to Defendant also weighs in favor of dismissal. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[T]he law … presumes prejudice from unreasonable delay" and "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.") (citations omitted). Plaintiff's failure to respond to the Motion to Dismiss is delaying Defendant's ability to resolve the case against it. Plaintiff should not be permitted to ignore the Motion to Dismiss and its persuasive arguments for dismissal. This would be prejudicial to Defendant because they would be

expending time and effort to move the case to resolution while Plaintiff only delays the case by not responding.

The fourth factor weighs minimally against dismissal. Dismissal based on lack of opposition would generally weigh against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring disposition of cases on their merits counsels strongly against dismissal."). However, Plaintiff is impeding a disposition on the merits by not filing an opposition or statement of non-opposition to the Motion to Dismiss as required by the Civil Local Rules and the undersigned's Chambers Rules. Accordingly, this factor weighs only minimally against dismissal. *In re Phenylpropanolamine*, 460 F.3d at 1228 ("this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (citation modified).

Similarly, the availability of less drastic sanctions, the fifth factor, also weighs only minimally against dismissal. The Court is not dismissing the case as a sanction. The Court is considering the lack of opposition a waiver and granting an unopposed motion pursuant to the Civil Local Rules. To the extent dismissal under these circumstances could be considered a sanction, the Court recognizes there are other sanctions available. However, when Plaintiff has not responded to Defendant's extensive and detailed Motion to Dismiss that very convincingly argues none of Plaintiff's claims can proceed, the Court is persuaded that dismissal is the more appropriate course.[2]

Given three of the five factors strongly favor dismissal and the other two factors weigh minimally against dismissal, the Court **GRANTS** the Motion to Dismiss (Doc. 3) based on lack of opposition. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir.

---

[2] While the Court need not reach the merits of the Motion to Dismiss because Plaintiff has not opposed it, Plaintiff does not appear to state any plausible claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1992) (noting dismissal would be affirmed even if the fourth and fifth factors weighed against dismissal).

## II. CONCLUSION

The Motion to Dismiss (Doc. 3) is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE